**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARLON D. CLEMONS,** | : | |
| **Petitioner** | : | |
| | : | **CIVIL ACTION NO. 3:22-1367** |
| **v.** | : | |
| | : | **(Judge Mannion)** |
| **WARDEN JAMISON,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

## I.   Background

Petitioner, Marlon D. Clemons, an inmate confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). The filing fee has been paid. (Doc. 4). Petitioner challenges a detainer lodged against him by the Cuyahoga County Sheriff's Office, Cleveland, Ohio. (Doc. 1). For relief, Clemons asks the Court to dismiss the detainer lodged by the District Attorney's Officer in Cleveland, Ohio and immediately release him. Id.

For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

1

## II.    <u>Legal Standard</u>

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). <u>See</u>, e.g., Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa.1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The <u>Allen</u> court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." <u>Id</u>.

III.   **Discussion**

Although a §2241 petition is "the appropriate procedure under which to challenge the validity of a detainer against an individual in federal custody," Kirkpatrick v. Ohio, Civil Action No. 1:07–CV–2202, 2007 WL 4443219, at *1 (M.D. Pa. Dec.18, 2007) (Conner, J.), the petition must be brought, not in the jurisdiction in which the inmate's current custodian is found, but in the jurisdiction in which the state official lodging the detainer is located. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973).

As explained in Graham v. Brooks, 342 F.Supp.2d 256, 261 (D.Del.2004), "when a federal prisoner challenges his future confinement by challenging a state detainer, the federal warden is not" the prisoner's custodian. Rather, the "petitioner is deemed to be in custody of the state officials lodging the detainer, at least for the purposes of the habeas action." Id. (citing Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004)). Graham reiterated that the district court having jurisdiction over the state officer who issued the detainer has habeas jurisdiction over §2241 petitions filed in such cases. See id. at 261–62. Even if this Court had concurrent jurisdiction over the challenge to the Ohio detainer, it is evident that Petitioner's claims are best adjudicated in Ohio.

Petitioner is solely challenging the legality of a detainer issued by the State of Ohio. In accordance with the decisions cited above, the United States District Court for the District of Ohio is the proper forum within which to attack the legality of a detainer issued by the State of Ohio and also to answer the question of whether Clemons has exhausted any remedies available to him under Ohio state law. Consequently, this matter will be dismissed without prejudice to any right Petitioner may have to seek relief from that court.

**IV.**   **Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED** without prejudice to any right Petitioner may have to seek relief from the Ohio District Court.

An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 29, 2022**
22-1367-01

4